SIMEON WARNOCK propounder, plaintiff in error, vs. GREEN G. WATSON, et al. caveators, defendants in error.

Persons who are cited in the Court of Ordinary, become parties to the proceeding, and when there is an appeal in that proceeding, they are carried up as parties to the appellate Court, though they may not be the actual appellants: consequently, it may happen, that the appeal will be good as to them, when it will not be good as to the actual appellants.

Caveat, from Burke county. Decided by Judge HOLT, April Term, 1858.

This was an appeal by Green G. Watson, caveator, from the following order and judgment, passed by the Ordinary of the county aforesaid, at the January Term, 1858, of his Court:

"Upon the application of Simeon Warnock, of the county of Burke, to set up a nuncupative will of Everett Tindall, late of said county deceased, and to have granted to him letters testamentary thereon, it appearing to the Court by the testimony of Dr. Charles A. Thompson, James M. Sheppard and William Jenkins, that Everett Tindall aforesaid, did, on or about the fifteenth day of November, in the year of our Lord eighteen hundred and fifty-seven, in the time of his last sickness, and in the house of his (the said deceased's) habitation, he being then and there sound in mind, pronounce, in the presence of said witnesses, his nuncupative will, in the words following:"

" I call upon you all to bear witness, it is my wish and

will, if I die, that all my property shall go to my child: I want my cousin, Simeon Warnock, to be my Executor, manage my affairs, pay my debts, and save what he can for my child. I want him to take my child home, raise it, and manage the property for it. All of you bear witness that this is my last will."

"And it further appearing to the Court that the said deceased left no widow, and only one child, a girl, named Martha Lurania, to whom process has issued, calling upon her to contest the setting up of the said nuncupative will, if she desires. It is therefore, ordered, that the said testamentary words be set up as the nuncupative will of deceased, that they be admitted to probate, and that letters testamentary thereon be issued to Simeon Warnock, the executor, therein named, in terms of the statute in such case made and provided."

Upon the calling of the said cause in the Court below, the propounder of said will, by his attorneys, moved to dismiss the appeal of the said caveator, on the following grounds:

I. Because the appeal had not been legally transmitted by the Ordinary to the Clerk of the Superior Court; and because there was no evidence before the Court that any appeal had been entered.

II. Because the said Green G. Watson was not a party interested in the said proceeding, and had no right to caveat the same, nor to appeal from the said judgment, for the following reasons:

1st. Because he was not named in said will, either as executor or legatee; and his interest in said will, or in the estate of said deceased, did not appear either by his own oath or any other proof.

2d. Because his caveat does not disclose such an interest as entitled him to be heard in said cause.

3d. Because he had no interest under said will; was not next of kin to the deceased, and would not have been a distributee of the estate of said deceased if he had died intestate.

4th. Because none but the widow, or next of kindred of the testator are allowed to contest the setting up and probate of a nuncupative will.

With regard to the interest of caveator, it appeared that Everett Tindall died, leaving no widow, and only one child to-wit: Martha Lurania, an infant about six or seven years old; that Green G. Watson was the maternal uncle of the child; Simeon Warnock, the cousin of the testator; and that no affidavit by the said caveator of his interest had been filed with the Ordinary, or in this Court, nor did any other interest appear than his said relationship.

After argument the Court decided against propounder on the motion to dismiss, for irregularity in the transmission of the appeal. The Court further decided that Green G. Watson was not entitled to be heard in the Court of Ordinary, nor in this Court, in these proceedings, because he was not a party interested therein, and dismissed his appeal.

But it appearing to the Court, during the argument, by the papers in the cause, and the admission of counsel, that the said minor child had no guardian, and that at the trial before the Ordinary of said cause, no guardian, *ad litem*, had been appointed for the said child, the Court thereupon decided that inasmuch as the said child's interest had not been represented in the said proceedings before the Ordinary, that they were *ex parte*, irregular and wholly void, and should be remanded to the Ordinary for a re-hearing. Whereupon the Court passed the following order:

"It is ordered by the Court that Malcome D. Jones be and he is hereby appointed guardian *ad litem* of Martha, infant daughter of the testator. That the cause be remanded to the Court of Ordinary, and that the Court of Ordinary be directed, and it is hereby directed to hear the application of the propounder of said nuncupative will, and make such order in relation to said will, as it may deem right according to law."

Whereupon the counsel for the propounder excepted, to so

much of the opinion and judgment of said Court, as decided that the said proceedings before the Ordinary and the judgment therein were irregular and void, and that the said cause should be remanded to the said Court of Ordinary for a rehearing.

JONES & STURGES, for the plaintiff in error.

BENNETT, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

. The first ground of the motion to dismiss the appeal, was abandoned in this Court.

Was the Court below right, on the other grounds, in dismissing the appeal, and in remanding the case to the Court of Ordinary?

We think not.

Process had issued to the infant from the Court of Ordinary, calling upon her to contest the nuncuptive will, if she desired to do so.

She, therefore, was a *party* to the cause in the Court of Ordinary.

After the decision of the cause in that Court, Green G. Watson came before the Ordinary, and, as the "next of kin" to the infant, demanded an appeal from the decision; and an appeal was granted to him, and the case was transmitted to the Superior Court.

There was an appeal, then, regularly received by the lower Court, and regularly transmitted to the higher Court.

An appeal carries up the whole case. Therefore, it must carry up all the parties to the case.

This appeal, then, in carrying up this case, carried up the infant, as one of the parties to the case.

The case, including the parties to it, being thus regularly carried up, the appellate Court obtained *jurisdiction* of the case including the parties to it.

These things being so, suppose it true, that, as Watson had no interest, the appeal ought to have been dismissed as to him, did it thence follow, that it ought to have been dismissed as to the infant? Certainly not. *She* had an interest. She had the only interest; and dismissing the appeal as to her, would not have been determining the appeal " according to law and right," the mode, according to which, the statute says, that appeals from the Court of Ordinary, must be determined. *Pr. Dig.* 238.

We think, then, that the Court ought not to have dismissed the appeal as to the infant, but only as to Watson ; and, that, after dismissing the appeal as to Watson, the Court should have appointed a guardian *ad litem* for the infant, and have let the case proceed in her name, as the appellant.

Perhaps, the appointment of Jones, as guardian *ad litem,* may still answer, so far as the appointment of such a guardian, is concerned.

As to the main matter, however, we see no necessity for remanding the case to the Court of Ordinary. We think, that the case may be well perfected in the appellate Court; and that both right and expediency require, that it should be perfected there ; and then, that it should proceed to an end in regular course.

Judgment reversed.

McDonald, J., dissenting.

This cause comes up on exception taken to the judgment or order of the presiding Judge in the Court below, appointing Malcolme D. Jones, guardian *ad litem* of Martha, the infant daughter of the testator, and ordering that the cause be remanded to the Court of Ordinary, and that the Court of Ordinary be directed to hear the application of the propounder of the will, (a nuncupative will) and make such order in relation to said will as it may deem right according to law. Sim-

eon Warnock moved before the Ordinary to set up a nuncupative will of Everett Tindall, deceased; Green G. Watson caveated the application. The will was established and the caveator appealed. In the Superior Court a motion was made to dismiss the appeal, and the appeal was dismissed. No exception was taken to that decision. But the presiding Judge pronounced the judgment or order above stated, which is assigned as error, and this Court unanimously reverse that judgment. But this Court send back their judgment of reversal with instructions to the Court below, the amount of which is, that the cause shall be reheard before the Ordinary, and that a guardian *ad litem* shall be appointed for the infant. I cannot concur in the authority of this Court to give instructions, in such a cause, to the Court below. The only jurisdiction which the Superior Court had of the cause, was given to it, by the appeal which was entered from the decision of the Ordinary. That appeal was dismissed. The cause, after the dismissal, was no longer in the Superior Court, and that Court could no more pass an order in respect to it, than it could in any cause pending before the Ordinary. If the order had been passed prior to or simultaneously with the appeal, the effect would have been the same, for the dismissal of the appeal carried with it everything which had been done, and which could not have been authorized, but for the appeal.

The order is nugatory at any rate, in my judgment; for the effect of the dismissal of the appeal, was to leave the judgment of the Ordinary quite as operative and effective as if no appeal had been entered.

The power claimed for this Court to award such order and direction to the Court below, in the premises as may be consistent with the law and justice of the case, cannot, it seems to me, be exercised in this case. There must be a cause in that Court, on which the order and direction of this Court may operate. But there is no cause there. The appeal was dismissed. No error was assigned on the decision dismissing

the appeal, and without it, this Court could not reverse the judgment of dimissal; and that standing, the case cannot be in the Superior Court.